UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **SYNERGETICS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CHRISTOPHER LUMPKIN and** ) | |
| **PROTOMEDICS, LLC,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ------------------------------------------------- ) | Case No. 4:04CV1650 TCM |
| ) | |
| **PROTOMEDICS, LLC, and** ) | |
| **CHRISTOPHER LUMPKIN,** ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| **SYNERGETICS, INC.,** ) | |
| ) | |
| Counter-Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the opposed motion of defendants, Christopher Lumpkin and Protomedics, L.L.C., to strike plaintiff Synergetics, Incorporated's prayer for damages in its eleven-count complaint for failure to comply with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. [Doc. 19] Defendants specifically argue that the prayer should be stricken Plaintiff has failed to date to provide them with a computation of their claimed damages.

The factual allegations giving rise to the parties' underlying dispute are not necessarily relevant to the pending motion to strike. What is relevant is the nature of the action – a violation of trade secrets.

Parties to a civil action in federal court must, without awaiting a discovery request, provide to the other parties, inter alia, "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based. . . ." Fed.R.Civ.P. 26(a)(2)(C).

Pursuant to this Rule, Plaintiff initially disclosed that "Synergetics is entitled to damages in an amount to be determined throughout the course of the discovery process." (Defs. Ex. A at 3.) Plaintiff then amended this disclosure after some discussion with Defendants' counsel. (Defs. Ex. C at 3-5.) This second disclosure provides categories of damages, e.g., actual loss, unjust enrichment, breach of contract, restitution, recovery of materials allegedly stolen, injunctive relief, and punitive damages. The disclosure does not provide for specific amounts or a computation of any category of damages as the Rule directs.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . , or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

The Court has an obligation to explore the least severe sanction. **United States v. Johnson**, 228 F.3d 920, 924 (8th Cir. 2000); **Dura Auto. Sys. of Indiana v. CTS Corp.**, 285 F.3d 609, 615-16 (7th Cir. 2002).

Defendants' sanction of choice is to have the Court strike Plaintiff's prayer for damages. This is a severe sanction and essentially converts Plaintiff's suit for damages into a declaratory judgment action. As justification for their vague damage disclosures, Plaintiff states that this is not a case where damages are fixed or easily ascertained.

The Advisory Committee Notes following Rule 26 permit a court to eliminate or modify the Rule 26(a)(1) disclosures in a particular case. Rule 26 Advisory Committee Comments 1993 Amendments Subdivision (a) ¶ (1). The Advisory Committee was mindful that the obligations specified under the Rule may not be appropriate for all cases and that changes in the requirements can be made when the circumstances warrant. Id.

Both parties make valid points in this matter. Defendants cannot fully prepare a defense nor prepare for meaningful mediation without knowing the extent of Plaintiff's damages. On the other hand, Plaintiff requires more information, discovery, and time to fully ascertain the damages with the necessary specificity.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to strike is **DENIED** without prejudice. [Doc. 19]

**IT IS FURTHER ORDERED** that the parties are directed to appear in the Chambers of the undersigned on **September 19, 2005**, at **8:30 a.m.** to establish a schedule for Plaintiff

to disclose damages in a manner that does not prejudice Defendants in preparing a defense and yet allows for sufficient flexibility for Plaintiff.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of September, 2005.